## ANDERSON, COLLECTOR OF INTERNAL REVE-NUE, *v.* THE FORTY–TWO BROADWAY COM-PANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 246.  Argued October 18, 1915.—Decided November 8, 1915.

The Corporation Tax of 1909, 36 Stat. 112, was not an income tax but an excise upon the conduct of business in a corporate capacity, the tax being measured by reference to the income in a manner prescribed by the act itself.

Where a corporation carries a current indebtedness exceeding the amount of its paid-up capital stock, the interest deductions allowed in determining the net income subject to the corporation tax is limited to so much of the indebtedness as does not exceed the capital.

Congress has power to adopt a basis of distinction between corporations carrying indebtedness that exceeds the amount of the capital and those that do not, and the provision in the Corporation Tax Act limiting the amount of interest deductions to so much of the indebtedness as does not exceed the capital stock is not an arbitrary classification.

The operations of corporations having indebtedness exceeding their capital stock may be considered as conducted more for the benefit of the creditors than of the stockholders, and the contributions of the corporation to the expenses of the Government be admeasured with this fact in view; and so *held* as to a corporation having $600 capital stock and $4,750,000 bonded indebtedness.

THE facts, which involve the construction of the Corporation Tax Act of 1909 and the liability of a realty corporation to pay the tax imposed thereby, are stated in the opinion.

*Mr. Assistant Attorney General Wallace* for the petitioner.

*Mr. Roger S. Baldwin* for the respondent.

Mr. Justice Pitney delivered the opinion of the court.

This was an action to recover a tax alleged to have been erroneously imposed upon respondent for the year 1910 under the Corporation Tax Act of August 5, 1909 (36 Stat. 112, c. 6, § 38), and paid under protest, respondents contending that in ascertaining its net income for the purposes of the tax the entire amount of the interest paid by it within the year upon its mortgage indebtedness ought to have been allowed, the result of which would have been to leave no net income to be taxed; whereas the assessing officer allowed a deduction of interest upon an amount equal only to the capital stock of the company.

Respondent is a corporation of the class commonly known as realty corporations, was organized for the purpose of constructing and renting a building in the city of New York, and transacts no other business. Its paid-up capital stock is only $600, while it has a bonded indebtedness of $4,750,000, secured by mortgages upon its real estate, consisting of a piece of land purchased and a building constructed upon it substantially with borrowed money, to secure the repayment of which the bonds and mortgages were given.

Both the District Court (209 Fed. Rep. 991) and the Circuit Court of Appeals (213 Fed. Rep. 777) held that the interest payments upon the entire mortgage indebtedness were deductible from the gross income of the corporation under clause 1 of paragraph 2 of § 38 of the Act, and gave judgment against the Collector for a refund of the entire tax.

Those portions of the section that are essential to a determination of the controversy are set forth in the margin.[1] The District Court, conceding that the provi-

---

[1] Sec. 38. That every corporation . . . organized for profit and having a capital stock represented by shares . . . shall be subject to pay annually a special excise tax with respect to the carrying on or

sion of the third clause of the second paragraph, standing alone, would constitute sufficient authority for the action of the assessor, nevertheless held that the force of this provision must be limited, in view of the general purpose of the section to tax only "net income" (construed to mean "gross income after deducting all outgo necessarily incident to the business"), and also in view of the first clause of the second paragraph, which permits of a deduction of "all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property." The court therefore held that, in the case of such a corporation as respondent, the amounts paid for interest on the mortgages must be deducted in order to arrive at net income. The Circuit Court of Appeals entertained a similar view, holding that such interest payments, in the case of a realty corporation, were ordinary and necessary expenses in the maintenance and operation of the business, and were also charges required

---

doing business by such corporation . . . equivalent to one per centum upon the entire net income over and above five thousand dollars received by it from all sources during such year . . . *Provided, however,* That nothing in this section contained shall apply to—[certain specified classes of organizations, not including realty corporations].

Second. Such net income shall be ascertained by deducting from the gross amount of the income of, such corporation . . . received within the year from all sources, (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property; . . . (third) interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness not exceeding the paid-up capital stock of such corporation, . . . and in the case of a bank, banking association or trust company, all interest actually paid by it within the year on deposits; . . .

to be paid as a condition to the continued use or possession
of its property, within the meaning of sub-division 1; and
that sub-division 3 must be limited in its effect to "the usual
corporate indebtedness which is not an ordinary expense
of maintenance, nor a charge, payment of which is a con-
dition of the continued use or possession of property."

With these views we cannot agree. There was error,
as it seems to us, in seeking a theoretically accurate def-
inition of "net income," instead of adopting the meaning
which is so clearly defined in the Act itself.

As has been repeatedly pointed out by this court in
previous cases (*Flint* v. *Stone Tracy Co.*, 220 U. S. 107,
145, 150, 151; *McCoach* v. *Minehill Railway*, 228 U. S.
295, 306 *et seq.; United States* v. *Whitridge,* 231 U. S. 144,
147; *Stratton's Independence* v. *Howbert*, 231 U. S. 399,
414), the act of 1909 was not in any proper sense an income
tax law, nor intended as such, but was an excise upon the
conduct of business in a corporate capacity, the tax being
measured by reference to the income in a manner pre-
scribed by the act itself. And it is very clear, from a read-
ing of § 38, that the phrase "entire net income," as used
in its first paragraph, has no other meaning than that
which is particularly set forth in the second paragraph,
which declares, in terms, how "such net income shall be
ascertained." It may well be that mortgage interest may,
under special circumstances, be treated as among the
"ordinary and necessary expenses," or as included among
the charges "required to be made as a condition to the
continued use or possession of property." (See 28 Opin.
A. G. 198.) But interest upon the "bonded or other in-
debtedness" of the corporation, whether such indebted-
ness be secured by mortgage or not, comes within the
specific provision of the third clause, whose effect, in our
opinion, is not in this respect limited by anything con-
tained in the first. Congress evidently had in view the
fact that some corporations (other than banks and like

institutions, which, for obvious reasons, are separately considered), carry a current indebtedness exceeding the amount of the paid-up capital stock, and with respect to such corporations intended to limit the interest deduction to so much of the indebtedness as did not exceed the capital. Nor can we see the least ground for the insistence that this results in an arbitrary classification. It is not necessary to attribute to Congress a purpose to discourage or impose an extra burden upon corporations carrying on their operations with a nominal capital stock, or with an indebtedness largely exceeding the amount of the capital. It is more reasonable to say that Congress deemed that where the indebtedness does exceed the capital it should no longer be treated as an incident, but that the carrying of the indebtedness should be considered as a principal object of the corporate activities, that the operations of such a corporation are conducted more for the benefit of the creditors than of the stockholders, and that the contribution of the corporation to the expenses of the Government should be admeasured with this fact in view. There is no question of the power of Congress to adopt such a basis of distinction, and, since the line must be drawn somewhere, it was certainly not arbitrary to draw it at the precise point where the pecuniary interest of creditors overbalanced that of stockholders.

*Judgment reversed, and the cause remanded to the District Court for further proceedings in accordance with this opinion.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.