ALTHEIMER & RAWLINGS INV. CO. v. ALLEN, Collector of
Internal Revenue.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1918.)

No. 4918.

INTERNAL REVENUE &9—CORPORATION TAXES—"GROSS INCOME."

Under Corporation Tax Act Aug. 5, 1909, § 38 (36 Stat. 112, c. 6), imposing an annual excise tax of 1 per cent. on the net income of corporations in excess of $5,000, and declaring that the net income shall be ascertained by deducting from the gross income expenses, losses, and interest actually paid on indebtedness not exceeding the amount of paid-up capital, a corporation engaged in the brokerage business, which bought and carried securities for customers on margins, receiving interest pay-

ments from them on account of the margins, must list all such interest as part of its gross income, and in computing its net income cannot, though it incurred indebtedness for the purchases and paid interest on the balances due, deduct interest on such indebtedness in excess of the amount of its paid-up capital, for such indebtedness was that of the corporation, and not its customers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gross Income.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by the Altheimer & Rawlings Investment Company against E. B. Allen, Collector of Internal Revenue for the First District of Missouri. There was a judgment for defendant (246 Fed. 270), and plaintiff brings error. Affirmed.

David Goldsmith, of New York City, for plaintiff in error.

William H. Woodward, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, District Judge.

HOOK, Circuit Judge. This is an action by the Investment Company to recover from the collector of internal revenue an alleged excess of taxes assessed for the years 1909, 1910, and 1911 under the Corporation Tax Act of August 5, 1909 (36 Stat. 112, § 38) and paid under protest. The trial court decided against the plaintiff.

The facts were stipulated. The plaintiff is a Missouri corporation engaged in a stock and bond brokerage business, with a paid-up capital of $300,000. The tax imposed by the statute was an annual excise tax equivalent to 1 per cent. upon the entire net income of the corporation in excess of $5,000 received by it from all sources during the year. See Anderson v. Forty-Two Broadway Co., 239 U. S. 69, 36 Sup. Ct. 17, 60 L. Ed. 152. The statute provides that the net income shall be ascertained by deducting from the gross income from all sources (1) expenses, (2) losses, and (3) interest actually paid on indebtedness, not exceeding the amount of paid-up capital outstanding at the close of the year. The controversy is over the deduction under the third clause for interest paid on indebtedness.

The stipulation recites that plaintiff's business consisted in part of the purchase for customers of bonds and other securities, which it carried for them on margin or part payment. It charged and received from them interest on the unpaid balances. In buying the securities for its customers, plaintiff itself paid but part of the price "on said purchases," and paid interest on the balances it owed. In these transactions the interest received by plaintiff from its customers exceeded the interest it paid. In making its tax returns, plaintiff deducted from the interest it received the entire amount of the interest it paid and listed the balance as gross income. The Commissioner of Internal Revenue, in reforming the returns, listed all interest received as gross income, and limited the amount of deduction for interest paid

248 F.—44

according to the statutory restriction in respect of the amount of plaintiff's capital stock.

The plaintiff contends that, when it borrowed money to carry the securities for its customers, the indebtedness it incurred was theirs, and that the interest it received from them on their own unpaid balances was, so far as required, paid for them on such indebtedness. In other words, it is urged in effect that plaintiff was a mere conduit for the transmission of sufficient of the interest received from its customers to discharge the interest accruing on the sums it borrowed, and hence only the excess remaining in its hands was income. It is recited in the stipulation that plaintiff owed and paid interest on part of the purchase price "on said purchases" so carried by it for its customers. The recital is ingeniously framed, but it does not justify the assumption that plaintiff's extensive business was conducted otherwise than according to the familiar customs of stock and bond brokers. The suggestion upon which plaintiff's contention rests that it bought the stocks and bonds on time, and that the sellers extended credit to plaintiff as agent for its customers and received interest from them indirectly, is quite inadmissible. In the usual course of the business, which it should be assumed the plaintiff followed, the seller of securities is paid in full by the broker, and is not thereafter interested in the relation between the latter and his customer. Doubtless, if the broker's capital is insufficient to carry his customers, he borrows money from time to time for the purpose, and in that sense he may be said to borrow "on the purchases." But the borrowing is from any available financial source, and is not for the customer personally, but is in the broker's own behalf. A recognized source of profit to the broker is in the difference between the interest rate he charges his customers and that which he pays on moneys borrowed to carry them. He deals in debits and credits for a profit. The borrowing by the broker supplements the capital employed in his business, and in the case of a corporation subject to the excise tax the deduction from gross income for interest paid on its indebtedness is limited to interest on an amount of indebtedness not exceeding its paid-up capital stock outstanding at the close of the year. In this particular the plaintiff's borrowing to carry its customers was not unlike that of a mercantile corporation, whose capital is insufficient for the volume of its business. It should be noted that this case arose before the amendment of October 3, 1913 (38 Stat. 166, § 2, G, b).

The judgment is affirmed.