## IVY COURTS REALTY CO. v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 243.

1. Internal revenue ⬅➡9(25)—Full amount of $29,025, annual interest paid by corporation having paid-up $2,000 capital stock, held not deductible from gross income (Corporation Excise Act Aug. 5, 1909, § 38, par. 2).

Where corporation, having paid-up capital stock of $2,000, owned real estate subject to mortgages aggregating $567,500, and paid annual interest of $29,025, *held*, full amount of interest actually paid was not deductible from gross income, under Corporation Excise Act Aug. 5, 1909, § 38, par. 2 (36 Stat. 112), authorizing deduction of interest actually paid within the year on bonded or other indebtedness "to an amount of such bonded or other indebtedness not exceeding the paid-up stock of the corporation."

2. Internal revenue ⬅➡7(17)—Full amount of $29,025, annual interest paid by corporation having $2,000 paid-up capital stock, held not deductible from gross income under statute (Income Tax Act 1913, § 2, subsec. 2G [b]; Revenue Act Sept. 8, 1916, § 12a, third).

Where corporation, having paid-up capital stock of $2,000, owned property mortgaged to secure a bonded indebtedness of $567,500, and paid annual interest aggregating $29,025, *held*, full amount of interest so paid was not deducti-

ble from gross income under Income Tax Act 1913, § 2, subsec. 2G (b), 38 Stat. 172, or Revenue Act Sept. 8, 1916, § 12a, third (Comp. St. § 6336*l*); the property mortgaged being not "subject of sale in ordinary business of such corporation," or "the subject of sale or hypothecation in the ordinary business of such corporation, * * * as a dealer only in property constituting such collateral."

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Ivy Courts Realty Company. Judgment for plaintiff on directed verdict, and defendant brings error. Affirmed.

Louis E. Felix, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (Edward Feldman and Thomas J. Crawford, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON and MACK, Circuit Judges, and CAMPBELL, District Judge.

MACK, Circuit Judge. Writ of error to reverse a judgment in favor of the United States, the plaintiff, on a directed verdict in the sum of $1,258.07, which, with interest and costs, amounts to $2,183.51.

The action was to recover for additional corporation excise taxes under the provisions of section 38 of the Act of August 5, 1909 (36 Stat. 112), for the years 1909 to 1912, inclusive, for additional income taxes under the provisions of subsection 2G (b) of section 2 of the Revenue Act of October 3, 1913 (38 Stat. 172), for the years 1913 and 1915, and under the provisions of section 12a, third, of the Revenue Act of 1916 (Comp. St. § 6336*l*) for the year 1916.

Defendant is a New Jersey corporation, with paid-up capital stock of $2,000, which owned certain premises with three adjoining apartment houses thereon in the city of New York. The property was subject to a first and a second mortgage as security for a bonded indebtedness of defendant aggregating $567,500, with annual interest aggregating $29,025.

The sole question involved is whether the full amount of this interest actually paid was deductible from gross income as to each of these years, or whether, as contended by the government, only $100, being the interest on the paid-in capital, for each of the years 1909 to 1912, inclusive, and $14,937.50, being the interest on the paid-up capital stock, plus one-half of the interest-bearing indebtedness

for each of the years 1913, 1915, and 1916, were properly deductible.

The relevant portions of the statutes are copied in the margin.[1]

[1] In Anderson v. 42 Broadway, 239 U. S. 69, 36 S. Ct. 17, 60 L. Ed. 152, the court said that "mortgage interest may, under special circumstances, be treated among the 'ordinary and necessary expenses,' or as included among the charges 'required to be made as a condition to the continued use or possession of property,' * * * but interest upon the 'bonded or other indebtedness' of the corporation, whether such indebtedness be secured by mortgage or not, comes within the specific provision of the third clause, whose effect, in our opinion, is not in this respect limited by anything contained in the first." Clearly there is no difference whatsoever, so far as the years 1909 to 1912 are concerned, between that case and the present one.

[2] As to the later years, the question is whether, under the facts in this case, the main clause or the proviso governs. This real estate, with a couple of vacant lots, constituted the entire property of the defendant corporation; the rent from the apartment houses was its entire revenue. While it is true that the property was for years in the hands of several brokers for sale, it was not sold until 1922. In our judgment, it clearly could not be deemed the "subject of sale in ordinary business of such corporations," or "the subject of sale or hypothecation in the ordinary business of such corporation as a dealer only in the property constituting such collateral."

On the evidence, the court was fully justified in finding that during all that time the property was held as an investment, and not as an object of trade and sale in the ordinary business of the corporation, that the ordinary business of the corporation in fact was to keep the property rented, and not to deal in properties, although it was authorized by its charter to buy and sell real estate. As motions for a directed verdict were made by each party, the court properly directed judgment for plaintiff.

Judgment affirmed.

---

1 Statutes.

Section 38 of the Corporation Excise Tax Act of August 5, 1909, provides in part as follows:

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, * * * received within the year from all sources, (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property; * * * *(third) interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness not exceeding the paid-up capital stock of such corporation, * * * and in the case of a bank, banking association or trust company, all interest actually paid by it within the year on deposits. * * * *"*

Section 2, subd. 2G (b), of the Income Tax Act of 1913, provides as follows:

"Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint-stock company or association, or insurance company, received within the year from all sources (first) * * * (second) * * * (third) the amount of interest accrued and paid within the year on its indebtedness to an amount of such indebtedness *not exceeding one-half of the sum of its interest-bearing indebtedness and its paid-up capital stock outstanding at the close of the year,* or if no capital stock, the amount of interest paid within the year on an amount of its indebtedness not exceeding the amount of capital employed in the business at the close of the year: Provided, *that in case of indebtedness wholly secured by collateral the subject of sale in ordinary business of such corporation,* joint-stock company, or association, *the total interest secured and paid by such company, corporation, or association, within the year on any such indebtedness may be deducted as a part of its expense of doing business. * * * *"*

Section 12a, third, of the Revenue Act of September 8, 1916, provides in part as follows:

"The amount of interest paid within the year on its indebtedness * * * to an amount of such indebtedness not in excess of the sum of (a) the entire amount of the paid-up capital stock outstanding at the close of the year, or, if no capital stock, the entire amount of capital employed in the business at the close of the year, and (b) one-half of its interest-bearing indebtedness then outstanding: Provided, that for the purpose of this title preferred capital stock shall not be considered interest-bearing indebtedness, and interest or dividends paid upon this stock shall not be deductible from gross income: Provided further, that in cases wherein shares of capital stock are issued without par or nominal value, the amount of paid-up capital stock, within the meaning of this section as represented by such shares, will be the amount of cash, or its equivalent, paid or transferred to the corporation as a consideration for such shares: Provided further, that in the case of indebtedness wholly secured by property collateral, tangible or intangible, the subject of sale or hypothecation in the ordinary business of such corporation, joint-stock company or association as a dealer only in the property constituting such collateral, or in loaning the funds thereby procured, the total interest paid by such corporation, company, or association within the year on any such indebtedness may be deducted as a part of its expenses of doing business, but interest on such indebtedness shall only be deductible on an amount of such indebtedness not in excess of the actual value of such property collateral."