**UNITED STATES v. BARWIN REALTY CO.**

District Court, E. D. New York. February 6, 1928.

No. 696.

1. **Corporations ⬤⟾1—Legal entity of corporation for purpose of evading law cannot be interposed to defeat justice.**

Where corporate form is used for purpose of evading law, court will not permit the legal entity to be interposed so as to defeat justice.

2. **Internal revenue ⬤⟾7(17)—Interest charges paid by corporation to sole stockholders held not deductible in determining tax on net income of corporation (Corporation Tax Act Aug. 5, 1909, § 38 [Comp. St. § 6307]).**

Where realty corporation was formed for the sole benefit of stockholders for their convenience in handling and managing properties, payment by corporation of interest charges to stockholders was not a payment required to be made as a condition to continued use or possession of properties within meaning of Corporation Tax Act Aug. 5, 1909, § 38 (Comp. St. § 6307), and was not deductible in determining tax on net income.

At Law. Action to collect a tax, by the United States against the Barwin Realty Company. Judgment for plaintiff.

William A. Degroot, U. S. Atty., of Brooklyn, N. Y. (C. M. Charest, General Counsel, Bureau of Internal Revenue, and Ralph S. Scott, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Henry A. Ingraham, of New York City (Joseph B. Miller, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge. This is an action to collect a tax alleged to be due to the United States for the taxable years 1910–11, which tax is sought to be imposed upon the defendant under the Corporation Tax Act of August 5, 1909, 36 Statutes at Large 112, c. 6, § 38 (Comp. St. 1913, § 6307).

The defendant was incorporated in 1906 under the laws of the state of New York. Its certificate of incorporation authorized it to do a general real estate business. The corporation was formed by Henry L. Batterman and his son, Henry Batterman, for their convenience in handling real estate owned by them in common. The company was incorporated with a capital stock of $10,000, which stock was entirely owned by the Battermans. Shortly after incorporation in 1906, properties worth approximately $2,000,000 were transferred to the corporation without any consideration.

In January, 1910, all the properties of the corporation, at the unanimous request of the stockholders, who were the Battermans, were transferred to one Thomas without consideration. The said Thomas thereupon executed and delivered to the Battermans bonds and purchase-money mortgages of $1,234,934.92, which was a sum equal to the then book value of the equities of said properties, some of which were incumbered by prior mortgages, which were not assumed by the defendant. These prior mortgages were held by the German Savings Bank and the Bond & Mortgage

Guaranty Company. The plaintiff concedes the payment of interest to these companies as necessary expense. The properties were then reconveyed to the defendant without consideration, subject to the mortgages, but payment of which was not assumed.

The total interest paid by the defendant for the taxable year 1910 amounted to $112,954.37 of which $95,454.37 was paid to the Battermans. In the year 1911 the defendant paid the Battermans $94,330.07 as interest on the said mortgages.

The Corporation Tax Law of 1909, 36 Stat. at Large 112, c. 6, § 38, imposed a special excise tax upon the net income, which net income was to be ascertained by deducting—

"1. All the ordinary and necessary expenses actually paid within the year out of income, * * * required to be made as a condition to the continued use or possession of property."

"3. Interest actually paid within the year on its bonded or other indebtedness * * * not exceeding the paid-up capital stock of such corporation."

In Anderson v. 42 Broadway Co., 239 U. S. 69, 36 S. Ct. 17, 60 L. Ed. 152, it was held that subdivision 1 was limited by section 3. Mr. Justice Pitney, in a learned opinion, stated: "It may well be that mortgage interest may, under special circumstances, be treated as among the 'ordinary and necessary expenses,' * * * 'required to be made as a condition to the continued use or possession of property.' "

In 28 Op. Attys. Gen. 198, which has been cited with approval by Mr. Justice Pitney in Anderson v. 42 Broadway Co., supra, the Attorney General of the United States rendered the following opinion:

"Where a realty corporation takes title to real property subject to a mortgage, but does not assume the indebtedness secured thereby, * * * 'such mortgage is in no sense its indebtedness; * * * the real property and not the corporation, is liable for the * * * interest thereon; but in order that the corporation may maintain or keep possession of or not be ousted therefrom, the interest must be paid.' * * * The interest accruing upon such charge or incumbrance would * * * fall within the description in the first clause of [section 38], as one of the 'charges * * * required to be made as a condition to the continued use or possession of property.' "

Nevertheless, as the corporation was formed for the sole benefit of the Battermans for their convenience in the handling and managing of their properties, the corporation was nothing more than a dummy for the Battermans.

[1, 2] Where the corporate form is used for the purpose of evading the law, this court will not permit the legal entity to be interposed so as to defeat justice. Therefore the payment of the interest charges to the Battermans was not a "payment required to be made as a condition to the continued use or possession of the properties," and I find that the net income of the defendant corporation for the taxable year 1910 is $48,865.20, and the net income for the taxable year 1911 is $59,936.97, which net income is to be taxed according to the corporation tax law of August 5, 1909.

Judgment for plaintiff. Settle decree on notice.