**BUNN v. WILLCUTS, Collector of Internal Revenue.**

District Court, D. Minnesota, Third Division.
November 17, 1928.

Chas. Bunn, of St. Paul, Minn., for plaintiff.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., and Martin W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

CANT, District Judge. Plaintiff purchased certain bonds issued by municipal corporations of the state of Minnesota, and thereafter sold such bonds at a profit. Under the Revenue Law of United States (26 USCA § 931 et seq.), the government levied a tax on the profit so realized by plaintiff, and, under protest, plaintiff paid such tax. He has brought this action to recover the amount so paid. Defendant has interposed a demurrer to plaintiff's complaint, on the ground that the same does not set forth facts sufficient to constitute a cause of action. The question for determination is whether gains or profits of the character here in question are subject to such tax.

■ The means and instrumentalities of a state government are exempt from taxation by the United States. The Collector v. Day, 11 Wall. 113, 127, 20 L. Ed. 122. This principle is not based upon any constitutional provision. It rests on necessary implication. Id. The rule extends to obligations issued by the state, or by any political subdivision thereof. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 583 et seq., 15 S. Ct. 673, 39 L. Ed. 759. It also covers income arising from such obligations. Id., pages 583, 585, 586 (15 S. Ct. 673); Metcalf & Eddy v. Mitchell, 269 U. S. 514, 522, 46 S. Ct. 172, 70 L. Ed. 384. The rule does not rest upon the language of the statute quoted at page 585 of 157 U. S. (15 S. Ct. 673) of the Pollock Case, but upon general principles of law. Pages 585, 586 (15 S. Ct. 673), Pollock Case.

■ The broad terms of the Sixteenth Amendment, under which the tax in question was imposed, did not extend the taxing power of the United States to new subjects. In that behalf, the earlier rules above stated still prevail. Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519.

■ It is therefore beyond dispute that income from bonds such as those here in question is not subject to a tax under the Revenue Law. Limited still further, the question here is whether gains and profits realized on the sale of such bonds are income within the meaning of the law. Confessedly, the tax here in question was a tax on income; otherwise, there would be no justification for its levy. Clearly, that income was derived from municipal bonds issued under the authority of the state of Minnesota.

In such cases the underlying principle is that the federal government shall not exercise the power of taxation in such manner as in any substantial degree to interfere with the state in any of its governmental functions. In the performance of such functions, the state and its various subdivisions require money. They often borrow. In such cases, bonds or other obligations are issued and are offered for sale to the investing public. A tax on such obligations, or on the income therefrom, is a burden thereon, and makes them less desirable and less salable in the market. It interferes with the demand for such obligations, and with the success of the state or other political subdivision in raising money through their sale. Under the principle hereinbefore stated, no such tax is valid.

In like manner, if at the time that any issue of state or municipal bonds is offered to the investing public, it shall be known that any gain or profit realized from a rise in value of such bonds, and a sale thereof, would be subject to a federal tax, which might be increased at any time, this circumstance would operate to discourage the public from dealing in such securities, and would cause a reduction in the price which purchasers would be willing to pay therefor.

The imposition of such a tax, therefore, would affect the power of the state or municipality to borrow money and also the amount which could be realized from the sale of its securities. This would be an unjustifiable interference with the financial operations of the governmental subdivision in question, and, equally with a tax directly imposed on the bonds themselves, and for substantially the same reasons, should be held invalid.

■ Unless expressly prohibited by law, the state may impose a tax on its own outstanding obligations. The federal government may impose a tax on obligations issued under its authority. Neither may impose a tax on obligations issued by the other. The following language of Chief Justice Marshall, in Weston v. City Council of Charleston, 2 Pet. 449, 468 (7 L. Ed. 481), applies:

"The right to tax the contract to any extent, when made, must operate upon the power to borrow, before it is exercised, and have a sensible influence on the contract. The extent of this influence depends on the will of a distinct government; to any extent, however inconsiderable, it is a burden on the operations of government. It may be carried to an extent which shall arrest them entirely."

This language is quoted in Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 586, 15 S. Ct. 673, 691 (39 L. Ed. 759), and is followed by a statement reading as follows:

"Applying this language to these municipal securities, it is obvious that taxation on the interest therefrom would operate on the power to borrow before it is exercised, and would have a sensible influence on the contract, and that the tax in question is a tax on the power of the states and their instrumentalities to borrow money, and consequently repugnant to the Constitution."

In such cases, it is an advantage to the purchaser, and to the governmental subdivision which issues such securities, that such purchaser shall be permitted to acquire the securities free from the possibility that any tax will be imposed on the obligation or on the proceeds thereof. That advantage is important. Any interference therewith affects

the state or other governmental subdivision adversely, and in a substantial degree, in the exercise of its governmental functions, and such was the effect of the tax here in question.

Upon either of two separate grounds the tax here involved should be held invalid:

(1) Because the gain or profit on which the tax was levied, was income arising from the bonds here in question and was beyond the power of the government to tax.

(2) Because, whether such gain or profit be regarded as income, strictly so called, or not, the levy of a tax thereon was and is within the reason of the rule which forbids a tax on the securities in question, or on the interest arising therefrom.

The tax was either a tax on the bonds themselves, or a tax on the income arising therefrom. On its face it was the latter. In either case it was invalid.

The complaint states a cause of action, and the demurrer should be overruled.