**NAUTS, Collector of Internal Revenue, v. SLAYTON.**

Circuit Court of Appeals, Sixth Circuit.
December 6, 1929.

No. 5437.

Ottamar Hamele, of Washington, D. C. (Wilfred J. Mahon, U. S. Atty., of Cleveland, Ohio, Lee N. Murlin, Asst. U. S. Atty., of Toledo, Ohio, C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellant.

Thomas O. Marlar, of Toledo, Ohio (E. J. Marshall and Marshall, Melhorn, Marlar & Martin, all of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and SIMONS, District Judge.

SIMONS, District Judge. This action is to determine the applicability of provisions of the Revenue Act of 1921 (42 Stat. 227) to admitted facts, and their constitutionality as applied. For convenience plaintiff in the court below, and appellee here, will be referred to as the taxpayer; the defendant below as the collector.

During the year 1922 the taxpayer was engaged in the business of buying, selling, and dealing in municipal bonds. During that year he received as interest from bonds owned by him $65,720.06. During the same period he paid as interest on money borrowed to buy and carry such bonds the sum of $78,153.84. In his return for the year he excluded from his gross income the interest from the bonds, for the reason that such income was exempt. He deducted interest paid during the year and set it off against profit made upon the sale of bonds. Upon audit of his return, the Treasury Department disallowed the deduction of interest paid and assessed additional taxes based upon a recomputation of his income after the disallowance of such deduction. These additional taxes were paid. Claim for refund was duly filed and rejected, and the taxpayer sued for the purpose of recovering the paid additional tax. To the taxpayer's petition the defendant demurred. The court overruled the demurrer, and upon failure of the collector to plead entered judgment in favor of the taxpayer and as against the collector for the amount claimed. This appeal is taken by the collector to review the judgment.

The Treasury Department in disallowing the taxpayer's deduction of interest paid, and in assessing an additional tax, assumed to act under the authority of sections 213 and 214, of the Revenue Act of 1921. Section 213, defining gross income, specifically exempts interest upon obligations of a state, territory, or any political subdivision thereof. Section 214(a) provides that in computing net income there shall be allowed as deductions,

"(2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities * * * the interest upon which is wholly exempt from taxation under this title."

The taxpayer bases his right to recovery upon two main contentions: First, that he is not an investor in tax exempt securities, but a dealer; that the section is intended to reach only those who invest in tax exempt securities for the purpose of producing nontaxable income, and that as his primary purpose is to produce taxable income, to wit, the profits made upon the purchase and sale of tax exempt securities, and that as such primary purpose is set up in his petition and admitted by the demurrer, section 214(a)(2) is not applicable to him. Furthermore, that in his case the interest paid ought not to be treated purely as interest, but as one of the legitimate and necessary expenses of doing business, to be deducted from gross income

in order to ascertain his net income. Secondly, that if the statute is applicable to him, it is unconstitutional, as imposing a burden upon the obligations and securities of a state or its political subdivision.

The District Judge held that the statute did not apply to admitted facts; that so to apply it would make the enactment unconstitutional, and that it is susceptible to a reasonable construction to avoid unconstitutionality. Were there any ambiguity in the language of the section, such rule of statutory construction might be here considered but we find none. The terms of the section are plain, and being clear the letter of the law must control. We pass over also without detailed consideration the contention that the interest paid must be treated not as pure interest, but as one of the elements in the cost of doing business. Even were we to consider that there are here present the special circumstances under which interest may be treated as among the "ordinary and necessary expenses" suggested by the Supreme Court in Anderson v. Forty-Two Broadway Co., 239 U. S. 69, 36 S. Ct. 17, 19, 60 L. Ed. 152, it is clear from the circumstances of this particular case that the only interest paid that could be so treated would be the excess of interest paid over the amount of interest received. Manifestly this is not the interest here in question, nor upon the disallowance of which this suit is based. The taxpayer herein is seeking to recover all of the additional tax computed upon the disallowance of a deduction of all of the interest paid.

We come then to the disputed constitutionality of the statute. The taxpayer relies upon and the collector challenges the holding of the Supreme Court in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, as authority for the invalidity of the section herein considered. In that case the court was called upon to deal with section 245(a) of the Revenue Act of 1921. That section provided:

"(a) That in the case of a life insurance company the term 'net income' means the gross income less—

"(1) The amount of interest received during the taxable year which under paragraph (4) of subdivision (b) of section 213 is exempt from taxation under this title [interest on tax exempt securities];

"(2) An amount equal to the excess, if any, over the deduction specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year."

The petitioner therein maintained that the result of the collector's action in deducting from the 4 per cent. of the mean of the reserve fund an amount equal to the petitioner's income from tax exempt securities was unlawfully to discriminate against it and really to exact payment on account of its exempt securities, contrary to the Constitution and laws of the United States, and also that diminution of the ordinary deduction of 4 per cent. of the reserve because of interest received from tax exempt securities in effect defeated the exemption guaranteed to their owners. The court held that one may not be subjected to greater burdens upon his taxable property solely because he owns some that is free. No device or form of words can deprive him of the exemption for which he has lawfully contracted. Also, that the Congress has no power purposely and directly to tax state obligations by refusing to their owners deductions allowed to others.

The collector here seeks to distinguish the situation with respect to tax exempt securities provided for in section 245 from that in section 214. He contends that the statute involved in the instant case gives to all taxpayers exactly the same deduction; that no one is entitled to deduct the interest which he pays to purchase or carry municipal bonds, and on the other hand, that every one is entitled to deduct all other interest. In our judgment the situation created by the two sections with respect to the taxation of tax exempt securities is the same, and the applicable principle identical. To deprive the taxpayer of the right to deduct from gross income interest that he has paid during the taxable year because that interest was paid on money borrowed to purchase tax exempt securities is, looking through form to substance, directly to tax the interest of such securities, and so not within the power of Congress to authorize. It is important to note that the Supreme Court in the National Life Insurance case considered the deduction of tax exempt interest from the 4 per cent. allowance a direct and purposeful tax upon a state obligation, and did not rely upon any rule to the effect that what Congress may not do directly it cannot do indirectly. This renders unnecessary a consideration of those cases wherein the exercise of the congressional authority to tax more or less remotely affected the sale of state securities, or remotely or incidentally impaired the borrowing power of the state. Typical of

such cases is Plummer v. Coler, 178 U. S. 115, 20 S. Ct. 829, 44 L. Ed. 998; Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 71 L. Ed. 511. As we shall see presently, the tax in the instant case is even more obviously a direct tax upon the income of state obligations than was the tax in the Insurance case.

In the latter it was argued in able dissenting opinions that the 4 per cent. deduction allowed to insurance companies was not given to them as a matter of right; that the allowance of a deduction of 4 per cent. of the mean of the reserve was, as Mr. Justice Brandeis put it, a favor, and as Mr. Justice Stone expressed it, a matter of grace, or a bounty, and in their dissenting opinions (Mr. Justice Holmes concurring with Justice Brandeis), they saw no constitutional reason why in granting a favor or a bounty the Congress could not lawfully take into consideration an exemption already possessed by the holders of tax exempt securities, every insurance company holding such tax exempts being already permitted by the statute to deduct the interest therefrom to the full extent received. In the instant case there is involved no such act of grace on the part of the Congress. There is taken from the taxpayer something which every other taxpayer is allowed, namely, the privilege of deducting interest on borrowed money from gross income. It is not a case of making him a gift, and then adjusting the size of the gift to that which he already possesses. To refuse to allow the taxpayer to deduct his interest in effect results in the taxation of something which is not income. We do not here question the power of Congress to make gross income the criterion of a taxpayer's liability, but this it has not done. The settled policy of the government, in this and other income tax statutes, has been to make net income measure the taxpayer's liability.

In arriving at the conclusion indicated we have not been at all influenced by the holding in Bunn v. Willcuts, Collector, 29 F.(2d) 132, a decision of the District Court of the District of Minnesota, to which the taxpayer has specifically called our attention. In that case there was a holding that not only was the interest from municipal securities exempt from federal taxation, but also that profit made from the purchase and sale of such securities is likewise exempt. Even were we to consider the question as not foreclosed by the holdings of the Supreme Court in Plummer v. Coler, 178 U. S. 115, 20 S. Ct. 829, 44 L. Ed. 998;

Orr v. Gilman, 183 U. S. 278, 22 S. Ct. 213, 46 L. Ed. 196, it is not now before us. Here no question is raised as to the taxability of profits made in the purchase and sale of municipal bonds. Such profit was included in gross income, and the tax paid upon it is not herein sought to be recovered. Indeed, the petitioner's argument in support of the contention that the statute does not apply to him is founded upon the claim that the primary purpose of his borrowing was to produce taxable income, and not tax exempt income.

In view of section 1403 of the act, it is necessary to go no further than did the court in the National Life Insurance Case, and so to hold that the disallowance of interest paid and the additional tax assessed against the taxpayer based upon such disallowance cannot be given effect as against the taxpayer under the circumstances here disclosed. He was lawfully entitled to the judgment obtained in the court below, and

It is hereby affirmed.