**BURNET, Commissioner of Internal Revenue, v. HANLON.**

**SAME v. HENAGHAN.**

**Nos. 3085, 3086.**

Circuit Court of Appeals, Fourth Circuit.

June 27, 1931.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. Shaw, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

George E. H. Goodner, of Washington, D. C., for respondents.

Before PARKER, Circuit Judge, and WATKINS and WEBB, District Judges.

WATKINS, District Judge.

In each of the two above-styled cases, the Commissioner of Internal Revenue has appealed from the decision of the Board of Tax Appeals reversing the assessment by the Commissioner of certain deficiency taxes against respondents. The cases are so related in fact and in law that they were consolidated for the hearing below, and were argued together on appeal.

On October 1, 1921, each of the respondents received as a gift, Mrs. Hanlon from her brother and Mrs. Henaghan from her husband, one and the same individual, a one-fourth interest in two certain properties, one embracing a manufacturing plant and the other a storage and selling station, used respectively in manufacturing and in storing and distributing "casinghead" gasoline. In their income tax returns for the fiscal year ending January 31, 1923, each of the respondents deducted a depreciation based on the value of the property at the date of its gift. The Commissioner held that the deductions should have been based upon costs to the donor, and made assessments for the deficiency. The Board of Tax Appeals reversed the Commissioner, holding that "The

basis for the computation of the allowance for depreciation of property acquired by gift subsequent to December 31, 1920 under the provisions of the Revenue Act of 1921 is the fair market value of the property at the date of the gift."

The cases are presented by the Commissioner to this court by petition to review in accordance with the provisions of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110, §§ 1001–1003 (26 USCA §§ 1225, 1226, and § 1224 and note). The applicable statute is the Revenue Act of 1921, c. 136, 42 Stat. 227. This statute provides, among other things, that the basis for ascertaining gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property except that, in case of such property acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. This statutory basis for valuation related, however, only to cases in which there was a sale of the property by the donee. The act provided, however, section 214 (a), that in computing net income there shall be allowed as deductions * * * "(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." 42 Stat. 239. It is agreed by both sides, therefore, that the question presented by these appeals is whether an allowance for depreciation of property in the hands of a donee after December 31, 1920, based upon the cost of the property to the donor, is a reasonable allowance under the provisions of the last-named act.

Prior to the act of 1921, both in the case of sale and in the computation of depreciation, the value of the property when acquired by the donee was the basis of calculation adopted by the Commissioner. This provision made possible tax evasion to such an extent that Congress in the act of 1921 adopted as the basis of computing profits in case of sale the cost of the property to the donor, and this basis has been upheld by the Supreme Court as a reasonable and proper basis. Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362; Cooper v. U. S., 280 U. S. 409, 50 S. Ct. 164, 74 L. Ed. 516. Were it not so, the donee of property would be permitted to enjoy any enhancement in value thereof, however great, since its acquirement by the donor, without

accounting to the government therefor any profit taxes. A reasonable theory and a reasonable basis to adopt would allow the government to follow the status of the property itself, rather than the status of the owner. The passing of the property from one to another by gift does not fix its value or earning capacity. These arise out of the property itself, and furnish the reasonable basis for assessing income and profit taxes. Exceptional cases resulting in hardship from this rule are not sufficient to overturn its wisdom as a general principle. The determination of a basis for ascertaining what is a reasonable allowance for exhaustion, wear and tear, and obsolescence in the very nature of the case must be committed to one agency rather than left to the individual choice of each of thousands of taxpayers. Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 15 S. Ct. 508, 39 L. Ed. 601. This discretion is vested in the Commissioner and is not subject to review unless based upon error of law, wholly unsupported by evidence, or clearly arbitrary or capricious. Williamsport Wire Rope Co. v. U. S., 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985; Ennis Coal Co. v. U. S. (C. C. A. 4th) 37 F.(2d) 574; Quitt v. Stone (C. C. A. 4th) 46 F.(2d) 405, 408, and cases there cited.

When the Revenue Act of 1921 was adopted, the Commissioner applied the same basis to the computation of allowances for depreciation as was applied in computing profits on the sale of property. A like uniform basis had previously prevailed. It was evidently the intention of Congress when the act was passed to recognize and approve this method of computation. As originally drawn, the statute made provisions for the same basis for allowance for depreciation as in cases of sale. These provisions were stricken from the bill merely because they were deemed as surplusage. In agreeing to the Senate amendments, the managers on the part of the House made the following explanation: "Amendment No. 65: The House bill provides that, except in the case of the depletion allowance, the basis for ascertaining allowable deductions for loss, exhaustion, wear and tear, obsolescence, amortization, and other like deductions shall be the same as that provided in the subdivision of the law relating to the basis for determining gain or loss in the case of sale or other disposition of property. Senate amendments Nos. 181, 186, 401, 404 (agreed to by the conferees), added to the law provisions that in case of the depreciation allowance and in case of the deduction for loss arising from destruction, of or damage to property, the deduction shall be computed on the basis of the fair market value of the property as of March 1, 1913, if acquired before that date. Amendment No. 65 strikes out the provision of the House bill, above referred to, as being (subject to the exceptions noted above) surplusage and merely declaratory of a rule already followed by the Treasury Department in the absence of an express statutory declaration; and the House recedes."

The case of Lucas v. Daniel, 45 F.(2d) 58, decided by the Circuit Court of Appeals of the Fifth Circuit, has been cited as in conflict with the conclusion which we have here reached. That case, however, related to allowance for depletion on oil lands given to taxpayers by their parents, and it was held that the proper basis in such case was the fair market value at the date of the gift. Subdivision 10 of section 214 (a), Revenue Act of 1921 provides that, in computing net income, there should be allowed as deductions: "(10) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted." In the case cited, the parents of taxpayers had in 1902 and 1903 acquired 640 acres of land in Wichita county, Tex. Subsequent thereto, and some years prior to 1919, shallow oil production was discovered on the property, but the production was relatively small. In October, 1919, oil in large quantities was discovered; in November, 1919, an interest in the property was deeded by the parents to their children, who were petitioners in the decided case. It is evident that the court was influenced in its decision because of the "peculiar conditions" affecting the case. The language of the decision, however, seems to lay down a general rule fixing the market value of the property at the date of the gift as the basis for computing net income generally. If so construed and made to apply to the instant case, we regard the rule stated as unsound.

For the reasons above set out, the decisions of the Board of Tax Appeals in these cases must be reversed.