## TITSWORTH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5291.

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1934.

Rehearing Denied Dec. 3, 1934.

Richard S. Tuthill, of Chicago, Ill., for petitioner.

Carlton Fox, of Washington, D. C., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner was a shareholder of the Miehle Printing Press & Manufacturing Company, an Illinois corporation, which had an authorized and issued capital stock of 75,000 shares of no par value. It acquired all of the capital stock of Stonebridge, Inc., also an Illinois corporation, which had an authorized and issued capital stock of 300,000 shares of no par value. The stock of both corporations was of the same character. Neither had preference stock. The acquisition by the Miehle Company of all Stonebridge, Inc., capital stock constituted a reorganization. In February, 1928, the Miehle Company distributed pro rata to its own stockholders Stonebridge, Inc., stock under the circumstances set out in section 112 (a) (g) (i) of the Revenue Act of 1928 (45 Stat. 816, 818 [26 USCA § 2112 (a, g, i]). At that time the petitioner was the owner of 150 shares of the Miehle Company stock which he had purchased at a cost of $16,150.

Six hundred shares of Stonebridge, Inc., were allotted to the petitioner, but he was not required to surrender his Miehle Company stock. In February, 1928, he sold his Stonebridge, Inc., stock for $8,000, but reported no taxable gain on this sale in his income tax return for that year. The Commissioner determined that a profit had accrued from the sale, and assessed a deficiency. The Board of Tax Appeals sustained the Commissioner's determination. The petitioner appealed.

The question before us is whether the sale of Stonebridge, Inc., stock resulted in a taxable gain to the petitioner.

Section 112 of the Revenue Act of 1928, supra, provides:

"(a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111 [section 2111], shall be recognized, except as hereinafter provided in this section. * * *

"(g) If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized. * * *

"(i) As used in this section and sections 113 and 115 [sections 2113 and 2115]—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected."

It is not contended that, under the terms of that section, any taxable gain accrued to

the petitioner because of the receipt by him of Stonebridge, Inc., stock.

The determination of loss or gain from the sale of stock received under the circumstances above described is governed by section 113 of the Revenue Act of 1928 (26 USCA § 2113), which provides:

"(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(9) If the property consists of stock or securities distributed after December 31, 1923, to a taxpayer in connection with a transaction described in section 112 (g) [section 2112 (g)], the basis in the case of the stock in respect of which the distribution was made shall be apportioned, under rules and regulations prescribed by the commissioner with the approval of the Secretary, between such stock and the stock or securities distributed."

Under that statute, Congress has conferred power upon the Commissioner to provide by regulation the basis for the apportionment of the cost between the stock originally owned by the taxpayer and that distributed to him as a result of his ownership. Article 600 of Treasury Regulation 74, which is identical with article 1599 of Regulations 65 and 69, was promulgated by the Commissioner in accordance with this authority and became effective February 15, 1929. It provided:

"In the case of stock or securities acquired by a shareholder after December 31, 1923, in connection with a transaction described in section 112 (g) and article 576, the basis in the case of the stock in respect of which the distribution was made shall be apportioned between such stock and the stock or securities distributed to the shareholder. The basis for the old and new shares shall be determined in accordance with the following rules:

"(1) Where the stock distributed in reorganization is all of substantially the same character or preference as the stock in respect of which the distribution is made, the basis of each share will be the quotient of the cost or other basis of the old shares of stock divided by the total number of the old and new shares."

The petitioner in his tax return for 1928 calculated his income by applying the provisions of the above regulation, and reported that the basis of Stonebridge, Inc., stock was $21.40, the selling price $13.33⅓, and

that no taxable gain accrued to him as a result of the sale of that stock. In November, 1929, article 600 of Regulation 74 was amended by Treasury Decision 4274, which provides:

"* * * (2) Where the stock distributed in reorganization is in whole or in part stock in a corporation a party to the reorganization other than the distributing corporation, * * * the cost or other basis of the stock in respect of which the distribution is made shall be apportioned between such stock and the stock or securities distributed in proportion, as nearly as may be, to the respective values of each class of stock or security, old and new, at the time of such distribution, and the basis of each share of stock or unit of security will be the quotient of the cost or other basis of the class of stock or security with which such share or unit belongs, divided by the number of shares or units in the class. * * * "

The Commissioner, applying the provisions of Treasury Decision 4274, apportioned 29 plus per cent., or $4,612.42, of the cost of the Miehle stock to Stonebridge, Inc., stock, and found that the sale of the latter for $8,000 resulted in a taxable gain to the petitioner of $3,387.56. He therefore assessed a deficiency.

The petitioner contends that the application of Treasury Decision 4274 is invalid because it attempts to affect retroactively transactions completed prior to its promulgation. He argues that the regulations round out and complete the law, that they are legislative in character, and that Congress, by re-enacting the taxing statutes without change in 1926 and 1928, adopted the administrative practice found in Regulations 64, 69, and 74. The Commissioner contends that regulations are administrative rules which interpret the taxing statutes, and that changes in the regulations merely express a different opinion as to the meaning of the taxing statutes. It is our opinion that neither contention is tenable unless qualified, since no amount of legislative re-enactment of a statute will validate an unreasonable practice in interpreting it and since regulations may involve in their nature the elements of either declaring or interpreting the laws.

Section 113 of the Revenue Act of 1928 (26 USCA § 2113) requires the Commissioner to set up rules to determine gain from the sale of stock acquired in tax-free distributions. It provides that the basis shall be apportioned, under regulations, between such stock and the stock distributed.

The resulting regulations are more than an administrative understanding or opinion of the law. If they are reasonable, they must be a declaration of the law under the authority given by Congress. The regulations as amended do not impose a tax liability on a transaction already completed. The tax liability arises under section 113 (a) (9), and that statute imposes upon the Commissioner the duty of providing the means of computing the tax. Whether Regulation 74 was defective in not providing a proper method of spreading the basis of cost or not clear in defining the scope of its application, we see no sound reason why the error should not be corrected. The tax computed was on income received during the taxable year, and Congress intended that it should be taxed on a basis that reflected income clearly. Cooper v. United States, 280 U. S. 409, 50 S. Ct. 164, 74 L. Ed. 516. This intention was given effect in Treasury Decision 4274. In Burnet v. S. & L. Bldg. Corp., 288 U. S. 406, 53 S. Ct. 428, 430, 77 L. Ed. 861, the Supreme Court said: "The Commissioner and Board of Tax Appeals have practical knowledge of the intricate details incident to tax problems, and their determination in circumstances like those under consideration here should be given effect when not clearly contrary to the will of Congress."

The decision of the Board of Tax Appeals is affirmed.