## ROBERT HUGHES & CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11577.

Circuit Court of Appeals, Eighth Circuit.

Feb. 23, 1940.

Wilbur A. Giffen, of Chicago, Ill. (Kix-Miller, Baar &. Morris, of Chicago, Ill., on the brief), for petitioner.

M. S. Price, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen.; on the brief), for respondent.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

THOMAS, Circuit Judge.

Robert Hughes & Co., Inc., a Missouri corporation, has petitioned for a review of an order of the Board of Tax Appeals redetermining a deficiency of $342.18 in surtax and a penalty of $85.55 for delay in making a return. The tax was imposed for the year 1934 under section 351 of the Revenue Act of 1934, 26 U.S.C.A. § 331, and the penalty is prescribed by section 291 of the Act.

Section 351 of the statute provides:

"(a) Imposition of tax. There shall be levied, collected, and paid, for each taxable year, upon the undistributed adjusted net income of every personal holding company a surtax * * *.

"(b) Definitions. As used in this subchapter— * * *

"(2) The term 'undistributed adjusted net income' means the adjusted net income minus the sum of: * * *

"(B) Amounts used or set aside to retire indebtedness incurred prior to January 1, 1934, if such amounts are reasonable with reference to the size and terms of such indebtedness."

The taxpayer is admittedly a "personal holding company" within the meaning of the statute.

The deficiency in the surtax results from the rejection by the Commissioner of a deduction of $10,000 claimed by the taxpayer in its return as a personal holding company under subsection (b) (2) (B) of section 351. Upon this issue the Board found that "there is no basis in the evidence upon which it could be found as a fact that the $10,000 paid is within the description of subdivision (B)."

The basis for the claimed deduction is that during the taxable year the petitioner made payments aggregating $10,000 to retire an indebtedness of $85,740.18 "incurred prior to January 1, 1934", to-wit, on July 2, 1932. The facts that the indebtedness existed and that the payments were made as claimed are not in dispute. The taxpayer offered no evidence whatever with reference to the source from which it obtained the $10,000 used

in making the payments or the circumstances giving rise to them.

Treasury Regulations 86, promulgated under the Revenue Act of 1934, in so far as here material, provides: "If, pursuant to a bona fide plan for the retirement of its * * * obligations representing indebtedness incurred prior to January 1, 1934, * * * the taxpayer retires during the taxable year an amount of such indebtedness, * * * a deduction from the adjusted net income is allowable * * *. No deduction is allowable unless it appears, either from the covenants of the obligations or from a recognized business and accounting practice respecting the retirement of such indebtedness, that provisions for retirement must be made out of earnings for the taxable year before distribution of such earnings may be made."

The Government contends that under the terms of the statute and the applicable regulations the taxpayer has failed to establish its right to the deduction in that it has not submitted any "bona fide plan of retirement" of the indebtedness or indicated that either the covenants of the obligation or its own business practice required it to make "provisions for retirement * * * out of earnings for the taxable year."

In so far as the argument seeks to cast the burden on the taxpayer of proving some definite plan of retirement of the indebtedness in order to establish its right to the deduction we find no warrant for this requirement in the statute; and this view appears now to have been adopted by the Commissioner. In 1937 the regulation was amended and this requirement was eliminated by Treasury Decision 4777, 2 Cum. Bull. 197. The amended regulation simply provides that if the taxpayer voluntarily, and without specific requirement in the terms of the indebtedness, sets aside amounts for its retirement the amounts will be considered reasonable if set aside pursuant to a definite plan which, however, may not be departed from except for reasons other than tax considerations.

In the instant case $2,000 of the amount sought by the taxpayer as a deduction would eliminate its surtax liability for 1934 and since no serious contention is made that the payments are not "reasonable" we may pass that issue.

The more serious question is whether the term "Amounts" used in subdivision (B) includes only payments "made out of earnings for the taxable year." Is the burden on the taxpayer to show that the payments were made from its 1934 income or is it immaterial whether the payments were made out of 1934 income, surplus, capital or from some other source?

Again, the Commissioner appears to have reached a different view of the statute from that adopted in the original regulation. The amended regulation now reads: "As long as all other conditions are satisfied, the aggregate amount allowable as a deduction for any taxable year includes all amounts (from whatever source) used and, as well, all amounts (from whatever source) set aside, irrespective of whether in cash or other medium."

It thus appears from the amended regulation that the source of the payment is immaterial. We think this view is the only one in harmony with the terms of Subdivision (B) and that the term "Amounts" may not be limited to include only payments on indebtedness out of current income for the taxable year. The taxpayer has therefore sustained its burden of proof and is entitled to the deduction. In adopting this view we are not according the amended regulation a retroactive effect. As amended it clearly expresses the correct interpretation of the statute. Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 135, 56 S.Ct. 397, 80 L.Ed. 528; compare Titsworth v. Commissioner, 3 Cir., 73 F. 2d 385; Larkin v. United States, 8 Cir., 78 F.2d 951.

The taxpayer also complains that the Board erred in respect to the penalty assessed by the Commissioner for filing a belated return for the year 1934. The return was due on or before April 15, 1935. It was not filed until August, 1936.

Section 291 of the Revenue Act of 1934, 26 U.S.C.A. § 291, imposes a penalty of 25 per centum of the tax for failure to file a return within the time prescribed by law. Since the allowance of the claimed deductions eliminates the petitioner's surtax liability for the year 1934 under section 351 the imposition of the penalty must also be eliminated.

The order of the Board must be, and it is, reversed.