## PHIPPS v. BOWERS (three cases).

### MARTIN v. SAME.

### Nos. 331–334.

Circuit Court of Appeals, Second Circuit
May 18, 1931.

Louis Titus and Ralph B. Fleharty, both of Washington, D. C., and Wilder Goodwin, of New York City, for appellants.

George Z. Medalie, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

These cases were heard together. They involve the same questions, and one opinion, it is agreed, will suffice for their disposition.

The considered appeal is taken by the taxpayer, John S. Phipps, who purchased, not as an original subscriber, 3¾ per cent. United States Victory notes issued by the United States government under the Victory Liberty Loan Act of March 3, 1919 (40 Stat. 1309). This purchase was made in 1919, and a further purchase was made in 1920. At the time of purchase, the appellant borrowed money to buy the notes and paid interest on the loan while he held the notes. He sold some of these notes in 1921, but at the end of that year had a very large investment in them. He paid interest during the calendar year 1921 of $162,146.72, of which $157,420.45 was paid prior to November 23, 1921, at which date Congress passed the Revenue Act of 1921 (42 Stat. 227). The Commissioner declined to allow appellant to deduct from his income for 1921 the interest thus paid for that year. In 1923, appellant filed a claim for a refund, based upon the claim that deduction of this interest should be allowed. This suit is for an alleged excess of the amount of tax for that year resulting from the refusal to allow the deduction.

The Revenue Act of 1918, § 214 (40 Stat. 1066) provides:

"(a) That in computing net income there shall be allowed as deductions: * * * (2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917), the interest upon which is wholly exempt from taxation under this title. * * *"

The Victory notes provide on their face:

"Exempt, both as to principal and interest from all taxation (except estate or inheritance taxes) now or hereafter imposed by the United States, or any State, or any of the possessions of the United States, or by any local taxing authority."

The deduction would be allowable but for the change Congress made in enacting the Revenue Act of November 23, 1921, which reads (section 214 (a) (2):

"(a) That in computing net income there shall be allowed as deductions: * * *

"(2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title." 42 Stat. 239.

The Revenue Act of November 23, 1921 (42 Stat. 227), was considered and held to be constitutional, within the power of Congress to enact, and not in violation of rights of the taxpayer similarly situated to this appellant. Denman v. Slayton, 51 S. Ct. 269, 75 L. Ed. ——. In view of that authoritative pronouncement, the appellant has withdrawn its attack upon the constitutionality of the act.

The appellant argues, however, that, if the act is retroactive, it is unconstitutional, and that it should not be applied as to this taxpayer's 1921 interest payments. It is clear that Congress intended the statute to apply to all income of 1921 or income received during that year. The statute takes effect January 1, 1921, for the calendar year 1921, and, in determining income, the class named in the statute was permitted to deduct interest on indebtedness incurred in the purchase of securities of the United States. Other holders were not given this deduction. This is not a retroactive operation. But retroactive legislation is not void. It is objectionable where an attempt is made to attach further consequences to events that were completed in the past and by which a radical change of such events takes place. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. But where there is no offense

against fair play, as the term is used in the field of congressional power of taxation, there is no constitutional impediment. The 1918 act, passed in February, 1919, after the taxing period of 1918 had passed, and which imposed a higher rate of taxation over the 1917 act, and which affected transactions in 1918, was not considered unconstitutional. Brushaber v. Union Pacific Ry. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713. In Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362, the court considered the tax on a donee's income, and it was held that Congress had the power to tax as part thereof the difference between what the gift cost the donor and the price received when sold. Revenue Act of 1921, § 202 (a) (2), 42 Stat. 229. The gift was made after December 31, 1920, and the statute was passed November 23, 1921, effective January 1, 1921. Where a gift of property was made November 1, 1921, and a sale November 7, 1921, by the donee, the statute was held applicable. Cooper v. United States, 280 U. S. 409, 50 S. Ct. 164, 74 L. Ed. 516. The court said in the Cooper Case: "We can find nothing unusual, arbitrary, or capricious in the provision of the taxing act here involved" (at page 412 of 280 U. S., 50 S. Ct. 164, 165).

The statute deals with income in the year 1921. It defines what is income and what may be deducted from gross income. It might have declined to all tax payers the privilege of deducting interest upon indebtedness in determining net income. Anderson v. Forty-Two Broadway Co., 239 U. S. 69, 36 S. Ct. 17, 60 L. Ed. 152; Flint v. Stone Tracy, 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. But it provides that for 1921 only a class of owners, for reasons sufficient to Congress, are granted this right of deduction of interest. The statute was valid and applicable to an earlier purchase and sale, as it was good prospectively. It but defines income for 1921, and taxes the income for that year. If it changed the rate and tax from what the taxpayer expected it to be in view of the earlier statute, it did no more than is always done when a taxing statute is changed. Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916. The assurance on the face of the note that the income would be tax exempt continues. Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. ——. The notes make no representation about indebtedness incurred in connection with their purchase. The interest upon such an indebtedness is referred to for the first time in the 1918 act; a limitation followed in 1921, which may be a subject of rescission or modification later.

Nor is appellant entitled to an exemption. Income tax is imposed on all, and one claiming an exemption from it in its entirety or some special application must base it upon some phrase of the statute granting the exemption. Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256. We find no warrant for such claim in this statute.

Judgments affirmed.