THE NEW YORK TRUST COMPANY, AS TRUSTEE UNDER TRUST INDENTURE, DATED DECEMBER 24, 1921, BY AND BETWEEN CONRAD HENRY MATTHIESSEN AND SAID THE NEW YORK TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28250. Promulgated April 10, 1933.

*Russell D. Morrill, Esq.,* and *Henry Mannix, Esq.,* for the petitioner.

*Brooks Fullerton, Esq.,* for the respondent.

OPINION.

McMahon : We must first determine the proper basis for the computation of gain or loss upon the sale by the petitioner in 1922 of 6,000 shares of common stock of the Corn Products Refining Company which were acquired by petitioner as trustee in 1921.

The respondent has held that subdivision (2) of section 202 (a) of the Revenue Act of 1921 [1] is here applicable and that the proper basis to be used is the cost of such stock to the donor.

The respondent has held that the irrevocable indenture dated December 24, 1921, accomplished a gift of the 6,000 shares of stock in question. There is no evidence to show that it did not accomplish a gift. On the contrary, it appears that Conrad Henry Matthiessen parted with all dominion over the subject matter. A gift may be made by a transfer in trust where, as here, the grantor relinquishes all dominion over the subject matter. *Murray Guggenheim*, 24 B. T. A. 1181, affirmed by the Supreme Court in *Burnet* v. *Guggenheim*, 288 U. S. 280, which reversed the United States Circuit Court of Appeals decision in *Guggenheim* v. *Commissioner*, 58 Fed. (2d) 188. See also *Bok* v. *McCaughn*, 42 Fed. (2d) 616. The petitioner, however, contends that subdivision (2) of section 202 (a), in referring to property " acquired by gift after December 31, 1920," means property acquired by the taxpayer, that the trustee is the taxpayer herein involved, and that since the trustee did not acquire the prop-

---

[1] Sec. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property, as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. \* \* \*

erty by gift, but as trustee, subdivision (2) of section 202 (a) does not apply here. This contention is not well founded. In *Security Trust Co. et al., Trustees*, 25 B. T. A. 29, 38, we stated:

\* \* \* Here the testator actually created the trust by his will. The trust, not the trustees, is the taxpayer. The trustees are only one of the component parts of the taxpayer. They hold legal title to and possession of the property and act for the taxpayer. They never acquired a beneficial interest in the trust property—that goes to the *cestuis que trustent*, who are also a part of the trust. \* \* \*

Upon the record before us we can not hold that under subdivision (2) of section 202 (a) the property in question was not " acquired by gift after December 31, 1920." This view is, we believe, in accord with the purpose of the section of the revenue act in question.

The Ways and Means Committee report and the Finance Committee report upon the Revenue Act of 1921 contain the following discussion of subdivision (2) of section 202 (a):

\* \* \* An essential change, however, is made in the treatment of property acquired by gift. No explicit rule is found in the present statute for determining the gain derived or the loss sustained on the sale of property acquired by gift; but the Bureau of Internal Revenue holds that under existing law the proper basis is the fair market price or value of such property at the time of its acquisition. This rule has been the source of serious evasion and abuse. Taxpayers having property which has come to be worth far more than it cost to give such property to wives or relatives by whom it may be sold without realizing a gain unless the selling price is in excess of the value of the property at the time of the gift. The proposed bill in paragraph (2) of subdivision (a) provides a new and just rule, namely, that in the case of property acquired by gift after December 31, 1920, the basis for computing gain or loss shall be the same as the property would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. \* \* \*

In *Rice* v. *Eisner*, 16 Fed. (2d) 358, the following appears:

The act of 1921 was apparently passed for quite another reason, that is, in the future to prevent donors from escaping the high taxes prevailing by giving property to their wives or children. As the latter would be allowed on any subsequent sales to subtract the value of the gift when they received it, and as a gift was not a sale as regards the donor, all increment escaped taxation which had accrued during the ownership of the donors. As to earlier gifts the rule remained as it had been in practice applied before the act of 1921 was passed.

*Francis Francis, Guardian*, 15 B. T. A. 1332, cited by petitioner, is distinguishable from the instant proceeding. In that case there was clearly no gift of the property involved after December 31, 1920, so as to render section 202 (a) (2) of the Revenue Act of 1921 applicable. The taxpayers there acquired the property " pursuant to a vested legal right and this right had been theirs since long before the adoption of the Sixteenth Amendment in 1913."

*Bankers Trust Co., Trustee*, 24 B. T. A. 10, cited by petitioner, is also distinguishable. There the beneficiaries, under the indenture, " took absolutely nothing until the grantor's death, and even then would receive nothing in case their deaths occurred prior to his. The final reversionary interest was to the grantor's estate." We there held that there was no gift *inter vivos.*

Subdivision (2) of section 202 (a) of the Revenue Act of 1921 provides that the basis of the property shall be the same as that which it would have in the hands of the donor. The stock herein involved was acquired by the donor in 1906 at a cost of $141,375, which amount exceeded the value of such stock on March 1, 1913. Under subdivision (b) of section 202 of the Revenue Act of 1921, set forth in the margin,[2] the basis in the donor's hands would be the cost to him. We hold, therefore, that the basis to be used in the computation of gain derived by the petitioner upon the sale of the stock in question is $141,375.

The contention of the petitioner that section 202 (a) (2) is unconstitutional is without merit. *Taft* v. *Bowers*, 278 U. S. 470, and *Cooper* v. *United States*, 280 U. S. 409.

The petitioner also contends that in the event the Board finds that section 202 (a) (2) of the Revenue Act of 1921 is constitutional and that the basis used by respondent in computing the profit is correct, then respondent erred in computing the tax upon such property at the full normal and surtax rates instead of at the rate of 12½ per cent in accordance with section 206 of the Revenue Act of 1921.[3]

---

[2] Sec. 202. (b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value ;

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor ; and

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

[3] Sec. 206. (a) That for the purpose of this title :

\*  \*  \*  \*  \*  \*  \*

(6) The term " capital assets " as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), \* \* \*

(b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows :

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount plus 12½ per centum of the capital net gain ; but if the taxpayer elects to be taxed under this section the total tax shall in no such case be less than 12½ per centum of the total net income. \* \* \*

However, following the decisions in *Magdaline McKinney*, **16** B. T. A. 804; *William Kempton Johnson*, 17 B. T. A. 611; affd., *Johnson* v. *Commissioner*, 52 Fed. (2d) 726; and *Sydney M. Shoenberg*, 19 B. T. A. 399; affd., *Shoenberg* v. *Burnet*, 55 Fed. (2d) 543, we hold that petitioner is not entitled to have its tax computed under section 206 of the Revenue Act of 1921, since the property in question was not held by the taxpayer for more than two years.

Reviewed by the Board.

*Decision will be entered for the respondent.*