## UNITED STATES v. ONE 1939 MODEL FORD PICKUP TRUCK, MOTOR NO. 4662201.

District Court, E. D. South Carolina.

Dec. 18, 1940.

Claud N. Sapp, U. S. Atty., and H. H. Edens, Asst. U. S. Atty., both of Columbia, S. C., for plaintiff.

John Grimball, of Columbia, S. C., for defendant.

LUMPKIN, District Judge.

This is a case to test the relative merits of two liens. One lien was established by the statutes of the United States of America, Section 3321(b), 26 U.S.C.A., of the Internal Revenue Code of 1939 and Title 27, U.S.C.A. § 40a. The other lien was established by Section 8785 of the 1932 Code of South Carolina. The case came before me on a stipulated finding of facts as set out below.

### Findings of Fact.

On or about May 28, 1940, at about 2:30 A. M. in Columbia, S. C., Federal Alcoholic Tax Unit officers saw the above named Ford truck parked on the street. As they approached the truck it was driven off by a colored man who sat in the driver's seat. At about 4:30 A. M. this truck was wrecked in the yard of this claimant. Upon examination it was found to contain ninety-six (96) gallons of non-taxpaid whiskey. On the following day it was seized by the United States Alcoholic Tax Unit's agent. The driver, one Sam Jackson, was also seized and taken into custody. He was later tried in this United States District Court and in that trial it was not proven that there was non-taxpaid alcoholic liquor in the truck at either 2:30 A. M. when the truck was first seen or up to the very time it ran into the claimant's home and property. The truth of this fact could only be presumed and since presumptions of fact never act retrospectively, Corbin & Co. v. United States, 6 Cir., 181 F. 296, 104 C.C.A. 278; State v. Durein, 70 Kan. 1, 78 P. 152, 15 L.R.A., N.S., 908, affirmed in 208 U.S. 613, 28 S.Ct. 567, 52 L.Ed. 645; 22 C.J. 92, and cases cited, 20 Am.Jur. 163, that is impossible. Therefore, the presence of non-taxpaid liquor in this truck and the violation of the Federal law takes place at the time of the actual discovery of non-taxpaid liquor in the truck which was after the commission of the tort against the claimant. And further, a, presumption of fact should not

be indulged in one way when to do so would do injury to a bona fide lien holder like the claimant, the United States Government having no greater right or justice in its cause than he. Although this Court reserves its opinion in the matter, the case may be entirely different if Federal officers are in "hot pursuit" of an automobile with definite proof of its containing illegal alcohol and if then the truck damages private property. But that is not the case here. There was no knowledge of the presence of illegal liquor in the truck until well after the damage to the claimant's property was done.

Following these occurrences, and with all due speed, the claimant, Jerome Reese, entered suit against the defendant truck on June 26, 1940, in the County Court for Richland County, South Carolina, demanding Five Hundred ($500) Dollars damages. There was no answer to his Summons and Complaint. Therefore, on July 18, 1940, that court awarded him One Hundred ($100) Dollars actual damages and Four Hundred ($400) Dollars punitive damages and Two ($2) Dollars costs by way of a default judgment.

On June 28, 1940, the claimant, by means of a sworn affidavit, gave notice of his claim to the car. On July 3, 1940, the United States of America, through its proctor, Claud N. Sapp, issued a libel of information against the aforesaid truck in a civil cause of forfeiture for breach of the provisions of Section 3321 of the Internal Revenue Code and the Acts supplemental thereto, pursuant to which the truck was attached on July 3, 1940. On about July 23, 1940, the claimant made his return to the libel issued by the United States. Following this joining of issues in this matter it came before me for a hearing on the merits on October 10, 1940. As a result of that hearing I find the following.

### Conclusions of Law.

This case gives rise to a conflict in three statutes, two of the United States of America and one of the State of South Carolina. The United States statutes are first, Section 3321(b), 26 U.S.C.A., of the Internal Revenue Code of 1939 which reads as follows:

"(1) Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited. * * *

"(3) Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

And secondly, Title 2, U.S.C.A. § 40a, which reads as follows:

"(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor * * *."

The statute of the State of South Carolina herein involved is Section 8785 of the 1932 Code of South Carolina. That Statute relates: "When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to a lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State * * *."

The attorney for the United States maintains that under the United States statutes above cited the right of the United States to the truck in question attaches at the time of the issuance of the above mentioned libel and relates back to the time at which the driver of the truck first violated

the United States statutes by putting non-taxpaid alcoholic liquors in the truck, that this was prior to the accident which brought the claimant into the case and therefore it is a claim superior to the lien established by Section 8785 of the 1932 South Carolina Code which relates back merely to the time of the accident doing property damage. In any event he maintains that the right in the property that he represents is of equal strength with the right of the claimant. Both of these positions are unsound. The statute under which the United States took possession of this truck, R.S. § 3450, 26 U.S.C.A. Int. Rev.Code, § 3321, is a statute penal in nature, providing for a forfeiture. This type of statute must be construed with at least reasonable strictness against the government imposing so strong a remedy as forfeiture against all having an interest in the property. Ghisolfo v. United States, 9 Cir., 1926, 14 F.2d 389; United States v. One Ford Coupe Automobile, D.C.1939, 26 F.Supp. 867.

■ The South Carolina statute in question establishes a lien superior to all interests in the property except those for State and County taxes and this lien relates back to the time of the injury or damage. State v. Campbell, 1930, 159 S.C. 128, 155 S.E. 750. This statute gives this claimant a lien on the Ford truck from the time it ran into his front yard. The United States statutes give the United States an interest in the automobile only from the time of a violation of a United States law with the truck which was when the United States' agents first discovered non-taxpaid whiskey in the truck after the wreck because it cannot be presumed that this state of affairs existed previously to the time at which it was discovered. See supra, page 1 [35 F.Supp. 905]. Therefore, the claimant's lien attached first, is superior to the lien of the United States and should be first honored.

■ As we have seen the United States statute under which this truck was seized is a statute providing for a forfeiture and therefore should be construed with reasonable strictness against the United States. The Courts do not look favorably on forfeitures. The claimant in this case is a citizen with a bona fide claim against this truck. He does not ask to be enriched by his lien but only to be made whole. He had nothing to do with the truck running into his yard and throughout has acted in the utmost good faith. His claim established by this South Carolina statute, Section 8785, Code 1932, is superior to the claim of the United States in this case and should be first honored.

Therefore, by the power vested in me by Title 27, U.S.C.A. § 40a, it is ordered: That the marshal of this Court do take the truck in question, One 1939 Model Ford Pickup Truck, Motor Number 4662201, and turn it over to the claimant, Jerome Reese, upon payment to the marshal by the claimant of the costs incurred by the United States Government with third parties in the capture and retention of the truck, the truck being appraised at One Hundred Fifty ($150) Dollars and the claimant's claim being Five Hundred ($500) Dollars.