### CITTADINI v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 5131.

Circuit Court of Appeals, Fourth Circuit.

Nov. 15, 1943.

C. Walter Randall, Jr., of Philadelphia, Pa., (Maurice Bower Saul and Saul, Ewing, Remick & Harrison, all of Philadelphia, Pa., on the brief), for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition filed by Anastasie Irene Warden Cittadini, here called the taxpayer, to review a decision of the Tax Court of the United States, here referred to as the Tax Court, and involves a deficiency determination by the Commissioner of Internal Revenue in the amount of $26,625.93, in petitioner's income tax for the year 1939. The decision of the Tax Court was entered on February 15, 1943, and on May 11, 1943, it entered an order modifying the decision and denying the taxpayer's motion to vacate it.

The taxpayer, a resident of Philadelphia, Pennsylvania, filed her income tax return for the year 1939 with the Collector of Internal Revenue at Baltimore, Maryland. In her return the taxpayer claimed a deduction in the amount of $100,000, for a bad debt. The Commissioner of Internal Revenue disallowed this deduction and asserted a deficiency in the amount above stated. The taxpayer duly filed her petition with the United States Board of Tax Appeals contesting the disallowance. A hearing before the Board was held and evidence presented. The Tax Court rendered a decision on February 15, 1943, some months after passage of the Revenue Act of 1942, holding that while the evidence did establish the existence of a debt the retroactive provisions of section 124 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Code, § 23(k) (1), were applicable rather than Sec. 23 (k) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23 (k) (1), in effect at the time of the return. On February 22, 1943, the taxpayer filed a motion to vacate the Tax Court's decision and a supplemental motion was also filed on March 18, 1943, requesting that if the motion to vacate should be denied the taxpayer be allowed a further hearing in order to present proof that the debt involved did not become worthless prior to the year 1939. This supplemental motion was afterwards withdrawn on the ground that no additional evidence could be produced if a hearing were granted.

The question involved is whether the taxpayer was entitled to charge off the debt in her return for the year 1939 either as ascertained to be worthless and charged off in that year under sec. 23 (k) (1) of the Internal Revenue Code or under that section as amended by section 124 Revenue Act of 1942 (effective in respect to taxable years beginning after December 31, 1938).

Section 23 (k) (1) of the Revenue Code reads as follows:

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

  *   *   *   *   *   *

"(k) Bad debts.

"(1) General rule. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); * * *."

Section 124 of the Revenue Act of 1942, c. 619, 56 Stat. 798, reads in part as follows:

"§ 124. Deduction for bad debts, etc.

"(a) General rule. Section 23 (k) (relating to bad debts and securities becoming worthless) is amended to read as follows:

"'(k) Bad debts.

"'(1) General rule. Debts which become worthless within the taxable year; * * *.'"

In the year 1930 the petitioner was in Paris, France, and on November 16, of

that year she loaned $100,000 to one Mark McCune, who was also at that time in Paris, and to whom the petitioner was engaged to be married. Mark McCune was a speculator on the New York Market and wanted the money to protect his brokerage account. At the time of the loan, no date was fixed for repayment and there was no agreement as to interest. At the request of her fiance the petitioner made the check payable to Raymond McCune, brother of Mark McCune. Under the same date, November 16, 1930, petitioner addressed a letter to Raymond McCune in which she stated that the check for $100,000 was in payment of indebtedness to him, Raymond McCune. Such statement was not a fact as petitioner was not then, nor ever had been, indebted to Raymond McCune. Shortly after this transaction the engagement between the petitioner and Mark McCune was broken.

During the period 1931 to 1939, inclusive, the taxpayer made attempts to collect the debt and in the fall of 1931 took the matter up with her American attorney, who was then in Paris, and placed the claim in his hands for collection. In January 1935, an action was instituted in the courts of New York against Mark McCune and Raymond McCune on the ground that the brothers had conspired to defraud the taxpayer of the sum of $100,000. This action was discontinued by stipulation on December 27, 1939, no trial ever having been had.

Mark McCune, who in 1929 had been very wealthy, lost all his money in the year 1930. Sometime between the year 1934 and 1936 he had approximately $100,000; in 1937 he had nothing and died in October or November, 1939, leaving no estate and no funds with which to pay burial expenses. He had lived on money furnished by his brother and sister for two or three years prior to his death.

It is contended on behalf of the petitioner that her right to make the deduction in the year 1939 should be determined under section 23 (k) (1) of the Internal Revenue Code in force at the time the Board of Tax Appeals heard the case and that should it be held that section 124 of the Revenue Act of 1942 was applicable she still was entitled to make the deduction.

The respondent contends that under neither of these Acts was the taxpayer entitled to make the deduction and that the Revenue Act of 1942 was passed before the decision of the court was made and amended section 23 (k) (1) so as to make it necessary for the taxpayer to prove that the debt became worthless within the year 1939.

■ It is not necessary to quote authority to the effect that deductions allowed a taxpayer are privileges that can be withdrawn whenever Congress wishes to do so. A taxpayer has no vested right to a deduction not yet allowed, as was the case here. The Revenue Act of 1942, made applicable to the tax year 1939, amended section 23 (k) (1) and controlled the decision of the Tax Court when that decision was handed down. Retroactive provisions have been approved by the Supreme Court of the United States. Cooper v. United States, 280 U.S. 409, 50 S.Ct. 164, 74 L.Ed. 516; Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809; Martz v. Commissioner, 9 Cir., 82 F.2d 110.

■ But we do not think the decision of this question material to the issue here as we are of the opinion that the taxpayer was not entitled to the deduction in the year 1939 under section 23 (k) (1) of the Revenue Code in force at the time the deduction was claimed. In order to secure a deduction a taxpayer must show a statutory provision authorizing it. New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172.

■■ The taxpayer made the loan in the year 1930 and began endeavoring to collect it in the year 1931. She must have ascertained it to be worthless before the year 1939 when she claimed it as a deduction. Either the worthlessness of the debt was ascertained by her before the beginning of the year 1939 or was so apparent that she could not in good faith have closed her eyes to the fact. The burden was upon the taxpayer prior to the amendment of the Revenue Code to prove that the debt was ascertained by her to be worthless in the year 1939. She has not, we think, sustained that burden.

Under the Internal Revenue Act of 1942, amending section 23 (k) (1), the burden was upon the taxpayer to prove that the debt became worthless within the year 1939. This she admitted she could not do. Under neither statute is the taxpayer en-

titled to the deduction claimed in the year 1939.

The decision of the Tax Court is accordingly affirmed.

Affirmed.