Timothy L. SHANAHAN and Mary E. Shanahan, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. C–1959.

United States District Court, D. Colorado.

July 20, 1970.

Stevens & Miller, by Roger E. Stevens and Sara-Jane M. Cohen, Boulder, Colo., for plaintiffs.

Johnnie M. Walters, Asst. Atty. Gen., by Jerome Fink, James P. Parker, and William V. McPherson, Trial Attys., Tax Division, Dept. of Justice, Washington, D. C., and James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Plaintiff has instituted this action pursuant to 28 U.S.C. § 1346(a) (1) for recovery of income taxes allegedly assessed and collected in violation of the Fourteenth Amendment to the United States Constitution. The defendant has moved to dismiss on the ground that plaintiff's complaint fails to state a claim for which relief can be granted, and plaintiff has moved for summary judgment based upon the facts as set forth in affidavits submitted by him. The issues presented by both of these motions have been fully briefed by the parties and are now ready for resolution.

The facts presented by the plaintiff in his complaint and supporting affidavits are not disputed. On January 22, 1964, the plaintiff sold some real estate to one Richard MacCornack. The contractual arrangement between the parties with respect to this sale provided that Mac-Cornack would pay the purchase price in installments over a 10-year period. Neither the contract nor the note executed by MacCornack provided for any interest on the unpaid balance of the purchase price.

At the time the above sale was consummated, no interest was imputed to the sale under the tax laws, and hence each installment was treated by the plaintiff as return of capital and capital gain. On February 22, 1964, Congress enacted an amendment to the revenue laws which provided that where a sale on an installment basis provides for less than an amount of interest to be specified by the regulations, interest will be imputed and thus a portion of the installment payment will be treated as ordinary income rather than capital gain. 26 U.S. C. § 483. This new provision was made retroactive to cover payments made after December 31, 1963 on account of sales or exchanges of property after June 30, 1963.

In 1968, pursuant to 26 U.S.C. § 483, plaintiff was assessed $7,979.62, which sum represented the difference between the tax on the interest imputed to all installment payments made after December 31, 1963 and the amount of tax actually paid by plaintiff, who had treated all installment payments as return of capital and capital gain. Plaintiff paid the above amount under protest and now seeks to recover it on the following grounds:

1.  The retroactive application of the February 26, 1964 amendment to cover a sale made in January of 1964 is arbitrary and capricious and constitutes a taking of property without due process and hence is unconstitutional under the fifth amendment.

2.  The amendment providing for imputed interest creates a conclusive presumption of fact in violation of the due process clause of the fifth amendment.

3.  Even if neither of the above grounds taken alone is sufficient to invalidate the amendment, the combination of a conclusive presumption of fact and retroactive application violates the due process clause of the fifth amendment.

Insofar as plaintiff has presented matters outside of his complaint in support of his motion for summary judgment, we shall treat defendant's motion to dismiss as one for summary judgment. We find that there is no genuine issue as to any material fact, that the issues presented are purely questions of law, and hence the case may be disposed of on summary judgment.

I

## THE QUESTION OF RETROACTIVE APPLICATION

Plaintiff first contends that 26 U.S.C. § 483 cannot be applied retroac-

tively to a transaction consummated approximately one month prior to the passage of the act. In support of this claim plaintiff cites Blodgett v. Holden, 275 U.S. 142, 48 S.Ct. 105, 72 L.Ed. 206 (1927); Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928). In *Blodgett*, the plaintiff had made a gift of property in January 1924. At that time there was no federal tax on the transfer of property by gift. However, Congress began consideration of such a tax in February 1924 and passed a provision taxing transfers by gift in June of 1924. This act provided that it applied "for the calendar year 1924 and each calendar year thereafter." Four Justices of the Supreme Court concluded that the act was not meant to apply retroactively, thus avoiding the constitutional due process issue. Four other Justices, however, found that Congress intended that the act apply retroactively, and that such retroactive application to a complete transfer by gift was a violation of due process.

Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928), presented the same factual situation as *Blodgett*, except that Untermyer's gift was consummated only 10 days prior to the passage of the gift tax provision on June 2, 1924. A majority of the Supreme Court ruled that retroactive application of the tax to Untermyer's gift was unconstitutional.

The cases which followed *Blodgett* and *Untermyer* disclose that these two decisions do not govern the present case. In Cooper v. United States, 280 U.S. 409, 50 S.Ct. 164, 74 L.Ed. 516 (1930), plaintiff complained of the retroactive application of an act which altered the method of determining the basis of property acquired by gift. Plaintiff had acquired stock by gift on November 1, 1921 and had sold it on November 7, 1921. On November 23, 1921, Congress passed an act effective January 1, 1921 making the basis for property acquired by gift after December 31, 1920 the same as it had been in the hands of the last person who had acquired the property other than by gift. In holding this retroactive provision constitutional, the Court stated:

> the questioned provision cannot be declared in conflict with the Federal Constitution merely because it requires gains from prior but recent transactions to be treated as part of the taxpayer's gross income * * *. 280 U.S. at 411, 50 S.Ct. at 165.

*Blodgett* and *Untermyer* were distinguished on the ground that they had dealt with a tax imposed on a transaction consummated before the act was passed. In *Cooper* the tax was on income from transactions consummated within the year of its enactment.

Since deciding *Cooper*, the Supreme Court has held that a tax on profits or income may be made retroactive to the beginning of the year in which the tax was enacted or to the time at which the measure was introduced into Congress without being constitutionally objectionable on due process grounds. *See, e. g.,* Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938), Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109 (1933). The Court has also upheld the retroactive application of an increased tax rate to gifts made in contemplation of death. Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809 (1931). In view of these cases, the Court of Appeals for the Second Circuit has concluded, we think correctly, that *Blodgett* and *Untermyer* have been limited to their facts and are applicable only where Congress proposes to retroactively tax a transaction already consummated and where the tax in question is of a wholly new type. Sidney v. C.I.R., 273 F.2d 928 (2d Cir. 1960).

In the present case the tax provision does not retroactively tax a consummated transaction. It merely provides for the taxation of income from such a transaction in a different manner than had previously been the case. Congress provided for prior application of 26 U.S.C. § 483 so as to cover the time during which the bill was under consideration, presumably for the purpose of deterring

efforts to avoid additional taxation by selling or exchanging property prior to the enactment of the measure. We cannot conclude that the kind of retroactive application established in 26 U.S.C. § 483 is so burdensome on taxpayers as to be arbitrary and capricious or so unrelated to the stated legislative purpose as to be violative of due process.

## II

### THE CONCLUSIVE PRESUMPTION QUESTION

■■ Plaintiff also claims that the statute in question creates a conclusive presumption of fact in violation of the due process clause of the Fifth Amendment, relying on Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932) and Schlesinger v. Wisconsin, 270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 557 (1926). Both of the above cases condemned tax provisions which conclusively presumed that gifts made within a certain time before death were made in contemplation of death. In the course of the *Heiner* opinion, the Court stated:

> a statute which imposes a tax upon an assumption of fact which the taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment. 285 U.S. at 325, 52 S. Ct. at 361.

The instant statute provides that under certain circumstances, a portion of an installment payment "shall be treated as interest." We do not construe this provision as creating a conclusive presumption of fact. The statute does not assume that a portion of an installment payment is in fact interest, even though no interest is stated. Rather, it apportions the installment so as to treat a portion of it as interest in order to prevent a species of tax avoidance. *See* Atlas Transportation Co. v. United States, 263 F.2d 573 (3d Cir. 1959). This amounts to furnishing a substantive definition. Such a rule of substantive law is constitutional provided the basis for the classification created is rational. *See*

City of New Port Richey v. Fidelity & Deposit Co. of Maryland, 105 F.2d 348 (5th Cir. 1939); United States v. Davio, 136 F.Supp. 423 (E.D.Mich.1955).

In United States v. Davio, *supra*, defendant contended the federal Anti-Kickback Act (allowing the government to recover kickbacks paid by subcontractors to government contractors) was unconstitutional because it provided that " 'it shall be conclusively presumed' that the amount of the kickback was included in the price of the subcontract and ultimately borne by the Government." 136 F.Supp. 423. The court rejected this contention, stating:

> The weight of present-day opinion is that " * * * conclusive presumptions do not establish a rule of evidence, *but declare a rule of substantive law.*" United States v. Jones, 9 Cir., 176 F.2d 278, 288. Also see, 9 Wigmore, Evidence, § 2492 (3d Ed. 1940). As a rule of substantive law, the conclusive presumption of the Anti-Kickback Act is not offensive to due process since it is based on a logical and probable connection with the antecedent facts. 136 F.Supp. at 429.

Although the *Davio* case involved a different statutory provision than the one here in question, the principle it enunciates is fully applicable.

We conclude that the action of Congress in classifying a portion of installment payments as interest was consistent with due process. The statute in question attempts to prevent evasion of taxes by removing the need for proving what two parties to an installment contract intended each installment to represent in terms of interest, return of principal, and capital gain. We cannot say that this is an impermissible object of legislation.

## III

### THE ALLEGED RETROACTIVE APPLICATION OF THE SO-CALLED CONCLUSIVE PRESUMPTION

Finally, plaintiff cites United States v. One 1939 Model Ford Pickup Truck, 35

F.Supp. 905 (E.D.S.C.1940) for the proposition that presumptions of fact cannot operate retrospectively. Cases such as the one cited by plaintiff (*see also* W. F. Corbin & Co. v. United States, 181 F. 296, 304 (6th Cir. 1910)) deal with the question of whether a presently existing situation, fact or status may be presumed to also have existed in the past. This is purely a matter of evidence law, and the courts in those cases did not consider or decide the issue in the present case—namely whether Congress may apply a rule of substantive law retroactively. We therefore conclude that this final contention of the plaintiff is also without merit.

\* \* \*

Based upon the foregoing, the defendant's motion to dismiss, which we have treated as a motion for summary judgment, should be and the same is hereby granted in favor of the defendant. Plaintiff's claim for relief is dismissed.

Defendant is directed to prepare an appropriate judgment.