**JACKSON v. PRICE, Former Collector of Internal Revenue.**

**No. 158.**

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1935.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and William B. Waldo, Sp. Assts. to Atty. Gen., and Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., for appellant.

William Murray, of Brooklyn, N. Y., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

William P. Talbot died February 18, 1923, leaving a will granting many legacies and bequests. The residue of his property was devised and bequeathed to his executors, in trust, to pay the income thereof to the appellee until he reached the age of 40 years, by which time he would receive the corpus of the trust. During the year 1923, the estate, still unsettled, received an income of over $73,000. The appellee received $59,595.62 from the estate during the year. In 1923 the New York state transfer tax, amounting to $60,000, was paid by the executors. The record does not disclose what the total transfer tax on the total of the legacies provided for in the will amounted to nor is there sufficient information furnished by the record as to what, if any, part of the $60,000 was paid on account of the appellee's legacy as distinguished from other legacies provided for by the decedent. Out of the

$73,000 gross income for 1923, there was paid by the estate loss of principal, interest charges, and transfer tax, amounting in all to $85,020.50. In the appellee's income tax return for 1923, he showed gross income of $4,385.84, with deductions leaving a net income of $3,855.15, from which was deducted the exemption and credit of $2,900, and a net taxable income of $955.15.

The Commissioner added to the taxpayer's income, as reported for this year, the income which he received from the estate amounting to $59,595.62 and increased his tax accordingly. This assessment was paid February 28, 1928, and the present action is to recover this additional tax.

In a refund claim filed March 8, 1928, it was contended that the income received by the taxpayer from the estate was not taxable to him, or, in the alternative, it was contended that appellee was entitled to deductions for the $60,000 of New York transfer tax which became due and was paid in 1923. It was the last alternative which was urged in this suit as the complaint reads (paragraphs 15, 18, 19, 22). The opinion rendered below ([D. C.] 6 Fed. Supp. 182, 183) seems to rest upon the basis that the income received from the estate was not taxable. The refund claim was rejected by the Commissioner.

The question presented is whether the income received by the appellee from the estate came to him tax free. The court indicated that the income paid over to the appellee was identical with the income of the estate, and, the estate having already been subjected to the tax on its income, the income of the appellee was exempt from taxation. The court below was in error in concluding that the estate was taxed for this income.

When the terms of section 219 of the Revenue Act of 1921 (42 Stat. 227, 246) and section 703 of the Revenue Act of 1928 (45 Stat. 791, 879, 26 USCA § 2703) are considered, it is clear that the income paid over to the appellee is subject to a tax. Section 219 provides, in part, as follows:

"(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—* * *

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals. * * *

"(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof. the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any * * * beneficiary. * * *

"(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which * * * is distributable to such beneficiary. * * *

"(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which * * * is distributable during its taxable. year to the beneficiaries. In cases under this subdivision, there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary."

The amount received by the appellee from the estate was, when in the hands of the estate, within the class described in paragraph (1) of subdivision (a) of section 219. It was "income received by estates of deceased persons during the period of administration." It might also be designated as being in the class described by paragraph (4) of subdivision (a) of section 219; that is, "income which is to be distributed to the beneficiaries periodically." If the income paid here is embraced within either class, the estate is exempted from tax liability, and the appellant is liable for the tax.

Subdivision (c) provides that the estate shall pay a tax on the net income of the estate, but that in computing the net income of the estate amounts paid to beneficiaries may be deducted. Subdivision (d) provides that the tax on income which either is to be paid to beneficiaries periodically (subdivision (a) (4), or which constitutes an item permissibly deductible by the estate under subdivision (c), shall not be paid by the estate, but that such income shall be considered part of the net income of the beneficiaries. Subdivision (e) provides that the estate shall pay a tax on its net income as computed under subdivision (c), except that an additional deduction in computing the net income of the estate may be made for that part of its income described in paragraph (4) of subdivision (a). Also provided for by subdivision (e) is the inclusion in the net income of the beneficiary of that part of the income of the estate which he receives from the estate.

█ When these sections are applied here, section 219 forbids a payment by the estate of a tax on the $59,595.62 and requires that the appellee make the payment of the tax thereon. Subdivision (d) by its terms provides that a tax on income described in subdivision (a), par. (4), or which is permissibly deductible under subdivision (c) "shall not be paid by the fiduciary." The income received by the appellee was permissibly deductible under subdivision (c), and the estate is to pay no tax on it. This being so, it is unnecessary to decide whether the $59,- 595.62 was income of the class described in subdivision (a) (4). Also subdivision (d) provides that, in computing the net income of the beneficiary, there shall be included that part of the income of the estate which is distributable to him. The income appellee received was part of the income of the estate which was distributable to the appellee and therefore must be included in computing his net income. Subdivision (c) contains the same provisions.

Consequently, the estate was not to pay a tax on the $59,595.62, since it did not constitute a part of its net income. The appellee is obliged to pay a tax on this sum since under the provisions of section 219 it constitutes a part of his net income. Section 219 provides for the taxation of net income —not income. The $59,595.62 was part of the net income of the appellee but not part of the net income of the estate. It is this distinction which the District Judge failed to observe. It is true that part of the gross income of the appellee was identical with the gross income of the estate, but no part of the income of the appellee which is taxable under section 219 as being part of his net income is taxable to the estate as part of its net income.

The question remains whether or not the appellee is entitled to deduct from his net income that which the collector refused to deduct, namely, the transfer tax payment. This transfer tax was paid by the executors in 1923. Whether it was a tax on the transfer of the entire estate, or for only the transfer of that part of the estate going to the appellee, or partly for his and partly for other parts of the estate, is not disclosed by the record. In the absence of definite findings as to this, affirmance of the District Court will be impossible even though it were correct in its construction of the law. Apart from this, however, even if the findings of fact had been so drawn as to show that the $60,000 was paid entirely on the appellee's share of the estate, the lower court could not have ruled that such sum was deductible by the appellee.

Section 703 of the Revenue Act of 1928 (45 Stat. 791, 879, 26 USCA § 2703 (a) (1–3), reads, in part, as follows:

"Deduction of Estate and Inheritance Taxes—Retroactive

"(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary * * * or of an estate for any taxable year, * * * the amount of estate * * * taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

"(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

"(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

"(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities."

█ Paragraph 3 makes it clear that where, as here, both the estate and the appellee claim the deduction and the tax was actually paid by the estate, the deduction "shall be allowed to the estate (and not to the beneficiary)."

The District Court held that section 703, having been approved in May, 1928, "over four years after the income in question had been received" and "not relied upon when the assessment was made" could be "of no assistance in deciding the case." True it is that, at the time the additional assessment against the appellee was made, the Treasury was endeavoring to apply article 134 of Regulation 62 in the light of the then decisions. Keith v. Johnson, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795; Farmers' Loan & Trust Co. v. United States (D. C.) 9 F.(2d) 688. But there is no doubt that Congress had the right to legislate retroactively in such situation as section 703 was intended to meet. Cooper v. United States, 280 U. S. 409, 50 S. Ct. 164, 74 L. Ed. 516; McLaughlin v. Alliance Ins. Co., 286 U. S. 244, 52 S. Ct. 538, 76 L. Ed. 1083; Phipps v. Bowers (C. C. A.) 49 F.(2d) 996.

Judgment reversed.

AUGUSTUS N. HAND, Circuit Judge (concurring in part).

During the calendar year 1923, succeeding the death of plaintiff's father on February 18, 1923, he received $59,595.62 from the executors of the father's will on account of income accrued under a trust of the residuary estate bequeathed for his benefit. In the same year the executors paid $60,000 on account of the New York transfer tax upon the entire estate. They made an income tax return for the portion of 1923 after the testator's death on form 1040, in which they charged the estate with $73,374.67 gross income and claimed as deductions:

| | |
|---|---|
| Interest paid | $ 7,291.39 |
| New York transfer tax | 60,000.00 |
| Loss of principal | 17,729.11 |
| | $85,020.50 |

This left no balance of income.

The plaintiff did not include the item of $59,595.62 in his individual income tax return and was assessed a deficiency because of its noninclusion and compelled to pay a tax thereon which he sought to recover in this action. The court below allowed recovery on the ground that the item had been once included in a return properly made by the estate and that it therefore could not be used again as a taxable part of the plaintiff's income. I agree that the court was in error because the record does not disclose what, if any, part of the income distributable to plaintiff was subjected to the payment of the $60,000 transfer tax or what part of that tax was attributable to plaintiff's legacy under the will rather than to the testator's estate as a whole. This alone made the conclusion reached by the court without any adequate basis.

Under section 219 (c) of the Revenue Act of 1921 (42 Stat. 246), where fiduciaries have paid the income tax, they may deduct the income properly paid or credited to the beneficiary. But the fiduciaries did not deduct the $59,595.62 of income paid to the beneficiary in their return. If and to the extent that they had properly done so, the income would be taxable to the beneficiary. If, as here, they had not done so, it would be tax free provided it had been shown to be properly part of plaintiff's income and subject to proper tax deductions on his behalf.

The provision of section 219 (d) which requires the income tax to be paid by the beneficiary only seems to relate to cases where the fiduciary has not made the payment under section 219 (c) upon income accruing during the period of administration.

Upon a new trial the court should determine to what extent the transfer taxes paid were payable upon plaintiff's legacy, and to that extent, and to that extent only, his income would be free.